**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::
**PHILIP LYONS,**

                                      **Petitioner,**

          - v -                                                                9:03-CV-503
                                                                                (NAM/RFT)

**JAMES CONWAY, Superintendent of Attica**
**Correctional Facility,**

                                       **Respondent.**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**APPEARANCES:**                                **OF COUNSEL:**

**OFFICE OF ROBERT N. ISSEKS**        **ROBERT N. ISSEKS, ESQ.**
Attorney for Petitioner
6 North Street
Middletown, NY 10940

**HON. ANDREW M. CUOMO**            **SENTA B. SIUDA, ESQ.**
Attorney General for the                     Assistant Attorney General
State of New York
Attorney for Respondent
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

**NORMAN A. MORDUE**
**Chief, United States District Judge**

## DECISION AND ORDER

**I.     BACKGROUND**

       Beginning on February 2, 1998, petitioner Philip Lyons was tried before a jury in Cayuga County court on an indictment that accused Lyons of both the intentional and depraved indifference murder of Peter Sparano, as well as second and third degree criminal possession of a weapon.  *See* Cayuga County Indictment No. 97-089.  The jury ultimately found Lyons not guilty of the intentional murder of Sparano, but guilty of his depraved indifference murder.  *See* Transcript of Trial of Philip Lyons (2/6/98) at p. 1594.  The jury

also convicted Lyons of both weapons possession charges. *Id.* at pp. 1594-95. On February 26, 1998, Acting Supreme Court Justice Peter E. Corning sentenced Lyons to a term of twenty years to life imprisonment on the murder conviction, and a lesser, concurrent sentence on the remaining conviction.[1] *See* Sentencing Tr. at pp. 22-23. Lyons appealed his convictions and sentences to the New York Supreme Court, Appellate Division, Fourth Department, and on February 7, 2001, that court affirmed Lyons' convictions and sentences in all respects. *People v. Lyons*, 280 A.D.2d 926 (4th Dept. 2001). New York's Court of Appeals denied Lyons leave to appeal that decision on April 10, 2001. *People v. Lyons,* 96 N.Y.2d 802 (2001). On May 14, 2002, Lyons filed a motion to vacate his judgment of conviction pursuant to New York's Criminal Procedure Law ("CPL"), Section 440.10. That application was denied in a Memorandum-Decision and Order issued by Justice Corning on June 17, 2002.

On March 30, 2003, Lyons filed a *pro se* federal habeas petition pursuant to 28 U.S.C. § 2254 in the Western District of New York. *See* Petition (Dkt. No. 1) at p. 10. That action was subsequently transferred to this District on April 15, 2003 by order of United States District Judge David G. Larimer, *see* Dkt. No. 2, and on July 29, 2003, the Office of the Attorney General for the State of New York, acting on respondent's behalf, filed an answer and memorandum of law in opposition to Lyons' pleading. Dkt. Nos. 9-10.

In a Memorandum-Decision and Order dated September 30, 2006, this Court denied

---

[1] At sentencing, Justice Corning granted defense counsel's motion to dismiss Lyons' conviction on the third degree criminal possession of a weapon charge because that conviction was a lesser included offense of criminal possession of a weapon in the second degree, of which Lyons had also been convicted. *See* Transcript of Sentencing of Philp Lyons (2/26/98) ("Sentencing Tr.") at pp. 9-10.

2

and dismissed Lyons' petition. *See* Dkt. No. 11 ("September, 2006 MDO"). A judgment in favor of respondent which dismissed this action was thereafter entered by the Clerk. *See* Dkt. No. 12 ("September, 2006 Judgment").

On December 14, 2006, Robert N. Isseks, Esq. filed a notice of appearance in this action on behalf of Lyons. *See* Dkt. No. 13. Along with his appearance, counsel filed a motion for relief from the September, 2006 Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 14 ("Rule 60(b) Motion"). In that application, counsel also requests that this Court vacate the September, 2006 MDO and permit Lyons to amend his petition so as to add, as additional grounds for relief, the constitutional claims he has raised "in his [second] §440.10 motion and state *habeas* petition." Rule 60(b) Motion at p.1. Lyons' application was opposed by the respondent on December 29, 2006, *see* Dkt. No. 15, and on January 2, 2007, petitioner's counsel filed a reply affirmation in further support of his Rule 60(b) Motion. Dkt. No. 16.

## II. DISCUSSION

### A. Rule 60(b) Motion

Rule 60 of the Federal Rules of Civil Procedure, entitled "Relief From Judgment or Order," provides, in salient part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....

FED.R.CIV.P. 60(b)(1). In support of his Rule 60(b) motion, counsel notes that in June, 2005, he was retained by Lyons for purposes of representing him in conjunction with a second CPL § 440 motion which Lyons filed in Cayuga County court. *See* Rule 60(b) Motion at p. 3.

3

Counsel states that an application seeking a stay of petitioner's federal action while Lyons' second CPL motion was pending in state court was "inadvertently ... not done." *Id.* at p. 8. Specifically, counsel argues:

> It was not until after this Court issued its September 30, 2006, Order dismissing the petition that the undersigned counsel learned that Petitioner had assumed that we had requested that this Court issue a stay. When this was brought to our attention we checked our file and email to see if a request for a stay had ever been mentioned by our client or his contact people and we found nothing. We do not have any independent recollection of there being any previous communication on this subject and can only conclude that the failure to request a stay was due to either a mistaken assumption or an oversight.

*Id.* Counsel argues that the foregoing constitutes "excusable neglect" sufficient to enable this Court to vacate the September, 2006 MDO and the September, 2006 Judgment. *Id.* at p. 11.

In *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355 (2d Cir. 2003), *cert. denied sub nom. Essef Corp. v. Silivanch*, 540 U.S. 1105 (2004), the Second Circuit noted that federal courts are to consider the following factors in considering whether a party has demonstrated "excusable neglect":

> [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Silivanch*, 333 F.3d at 366 (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)); *see also Ojomo v. KRA Corp.*, No. 3:03-CV-0907, 2005 WL 1176569, at *2 (N.D.N.Y. May 11, 2005) (McAvoy, S.J.) (citing *Pioneer*). In observing that the Second Circuit has "taken a hard line" in applying the *Pioneer* test, the court in *In re Enron Corp.*, 419 F.3d 115 (2d Cir. 2005) noted:

4

> We operate in an environment ... in which substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law. Judges, of course, make mistakes. We, like the district court, have considerable sympathy for those who, through mistakes – counsel's inadvertence or their own – lose substantial rights in that way. And there is, indeed, an institutionalized but limited flexibility at the margin with respect to rights lost because they have been slept on. But the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced – where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar.

*Enron*, 419 F.3d at 123 (footnote omitted).[2]

Turning to the facts of the case *sub judice*, the first and fourth *Pioneer* factors favor petitioner; granting Lyons' Rule 60(b) motion would not appear to unduly prejudice respondent, and there is no allegation of any bad faith on the part of the petitioner or his attorney.

As to the second *Pioneer* factor, the Court notes that petitioner's counsel himself concedes that he was retained by Lyons approximately **fifteen months prior to** the entry date of the Decision and Judgment he now seeks to vacate. Moreover, the relief he seeks by the present application – vacatur of both the September, 2006 MDO and the September, 2006 Judgment, as well as permission to assert new claims herein – would significantly impact these judicial proceedings because Lyons' habeas petition has already been denied and dismissed. Thus, this factor appears to favor the respondent.

---

[2] An example of the "hard line" approach referenced by the *Enron* court is found in *Silivanch*. In that case, the Court of Appeals held that the district court exceeded its discretion in concluding that a lawyer's misplaced reliance on another lawyer's erroneous calculation of a filing deadline constituted "excusable neglect." *See Silivanch*, 333 F.3d at 367.

Finally, considering the reason for petitioner's failure to timely request a stay during the above-referenced fifteen month period of time, the Court notes that counsel attributes such delay to inadvertence on the part of Lyons, his attorney, or, perhaps, both of these individuals. *See* Rule 60(b) Motion at 8. While not unsympathetic to Lyons' situation, this Court cannot find that, under the circumstances presented to the Court, the failure of Lyons or his counsel to request a stay of this action before this Court issued the September, 2006 MDO may be properly excused by this Court under Fed.R.Civ.P. 60(b)(1).[3] *E.g.*, *Enron*, 419 F.3d at 123 *Silivanch*, 333 F.3d at 367-68. Therefore, Lyons' application seeking that relief is denied.

### B.  Request for Permission to File a Second or Successive Petition

Although Lyons cannot now amend his dismissed federal habeas petition to assert additional grounds for relief, that fact does not necessarily preclude Lyons from forever raising that challenge in this District. Specifically, under 28 U.S.C. § 2244(b), a habeas petitioner may file a second or successive petition in federal district court after he successfully "move[s] in the appropriate court of appeals for an order authorizing the district court to consider [such an] application." *Rodriguez v. Mitchell*, 252 F.3d 191, 201-02 (2d Cir. 2001) (citing 28 U.S.C. § 2244(b)(3)(A)). Therefore, in the event that Lyons files a request under 28 U.S.C. § 2244(b)(3)(A) for permission to file a second habeas petition with the Second Circuit and such application is granted by that court, Lyons may properly commence

---

[3] Although the concept of "excusable neglect" in this context is an elastic one, because three of the four "*Pioneer*" factors typically weigh in favor of the movant, the Second Circuit has joined the other circuits in focusing on the third factor in considering the issue of whether a party has demonstrated excusable neglect, i.e., "the reason for the delay, including whether it was within the reasonable control of the Movant." *Enron*, 419 F.3d at 122 (citing *Pioneer*); *see also Ojomo*, 2005 WL 1176569, at *2 (citation omitted).

a *new* federal habeas petition in this District.

**WHEREFORE**, after having reviewed the documents submitted by the parties in conjunction with petitioner's motion, the applicable law, this Court's September 30, 2006 Memorandum-Decision and Order and for the reasons discussed herein, it is hereby

**ORDERED**, that Lyons' Rule 60(b) Motion (Dkt. No. 14) is **DENIED**, and it is further

**ORDERED**, that the Clerk of Court serve a copy of this Decision and Order upon the parties to this action by electronic mail.

**IT IS SO ORDERED.**

Dated: May 23, 2007
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge